**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MARION KING, on behalf of
T.M.K.F., a minor,

      Plaintiff,                             Case No. 17-12549

v.                                    Hon. Marianne O. Battani

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS**
**AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I.    INTRODUCTION

Before the Court are objections (Dkt. 17) filed by Plaintiff Marion King on behalf of her son, T.M.K.F., to a February 6, 2019 Report and Recommendation ("R & R") issued by Magistrate Judge Stephanie Dawkins Davis (Dkt. 16). In the R & R, the Magistrate Judge recommends that the Court deny Plaintiff's motion for summary judgment (Dkt. 13), grant the Defendant Commissioner of Social Security's motion for summary judgment (Dkt. 14), and affirm the challenged decision of the Defendant Commissioner. For the reasons discussed below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's R & R in its entirety.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the procedural history and background facts of this case regarding Plaintiff's claim for supplemental security income ("SSI") childhood disability benefits on behalf of her son, T.M.K.F.  Nor do they object to the Magistrate Judge's summary of the administrative proceedings on Plaintiff's claim for benefits and the findings of the Administrative Law Judge ("ALJ").  Accordingly, the Court adopts these unchallenged portions of the R & R.

## III.    STANDARD OF REVIEW

A district court must conduct a *de novo* review of any portion of a magistrate judge's R & R to which a party objects.  28 U.S.C. § 636(b)(1).  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of matters referred to a magistrate judge.  *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1988).

The Court must affirm the decision of the Defendant Commissioner so long as "it is supported by substantial evidence and was made pursuant to proper legal standards."  *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 241 (6th Cir. 2007).  "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers,* 486 F.3d at 241 (internal quotation

marks and citation omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health & Human Services,* 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

When determining whether the Defendant Commissioner's factual findings are supported by substantial evidence, the Court confines its examination to the administrative record considered as a whole. *Wyatt v. Secretary of Health & Human Services,* 974 F.2d 680, 683 (6th Cir. 1992) (internal quotation marks and citation omitted). There is no requirement, however, that either the Commissioner or this Court must discuss every piece of evidence in the record. *Kornecky v. Commissioner of Social Security,* No. 04-2171, 167 F. App'x 496, 508 (6th Cir. Feb. 9, 2006). Further, in reviewing the Defendant Commissioner's resolution of Plaintiff's claim for benefits on behalf of her son, this Court does not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

## IV.    ANALYSIS

### A.    Objection No. 1

As the first of her five objections to the R & R, Plaintiff broadly asserts that the Magistrate Judge and the ALJ erred (i) in finding that her son's severe impairments "do not functionally equal a listing," and (ii) in failing to determine that her son has "the severe impairment of Oppositional Defiant Disorder (ODD)." (Dkt. 17, Plaintiff's Objections at 2.) As noted by Defendant in response, however, this objection is

"nothing more than a summation of Plaintiff's motion for summary judgment and a restatement of the relief she seeks." (Dkt. 18, Defendant's Response at 2.) Where, as here, a party's objection to an R & R is "summary in nature, with no specificity at all," and this objection fails to "address the findings of the magistrate" or "specify the findings that [the objecting party] believe[s] [a]re in error," the Sixth Circuit has held that such a submission does not qualify as the "specific written objection[]" demanded under Fed. R. Civ. P. 72(b)(2) and this Circuit's precedents. *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995); *see also Howard v. Secretary of Health & Human Services,* 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object."). Accordingly, the Court need not address this objection.

**B.     Objection No. 2**

Plaintiff next challenges the Magistrate Judge's determination that the ALJ did not err in determining that T.M.K.F. was less than markedly limited in the domain of acquiring and using information. In Plaintiff's view, the Magistrate Judge properly recognized that "much evidence" supports her contention that her son has a marked limitation in this domain, but then proceeded to unduly "minimize[]" this evidence. (Plaintiff's Objections at 3.) As a result, according to Plaintiff, the Magistrate Judge acted as a "mere rubber stamp" for the ALJ's decision, and expressed an unwillingness to "overturn the ALJ." (*Id.* at 4 (internal quotation marks and citation omitted).)

In response, Defendant correctly observes that Plaintiff's objection on this point fails to "offer any argument that the ALJ's decision was not supported by substantial evidence." (Defendant's Response at 3.) In fact, the ALJ thoroughly surveyed the

evidence in the administrative record bearing upon the extent of T.M.K.F.'s limitations in acquiring and using information, including the evidence cited in Plaintiff's objections as purportedly demonstrating her son's marked limitations in this domain.  (*See* Admin. Record at 21-24.)  The ALJ also provided specific reasons for the weight given to these various items of evidence, and Plaintiff does not challenge these explanations. Likewise, the Magistrate Judge did not merely "rubber stamp" the ALJ's findings on this point, but specifically addressed the arguments and supporting evidence put forward in Plaintiff's underlying summary judgment motion, as well as the arguments and evidence offered in Defendant's cross-motion.  (*See* R & R at 10-14.)  At the conclusion of this analysis, the Magistrate Judge recognized that "some evidence" in the record supports Plaintiff's position that her son has marked limitations in this domain, but nonetheless found that the ALJ's determination to the contrary was "supported by substantial evidence, and thus must be affirmed."  (*Id.* at 14-15.)

In short, the Magistrate Judge's analysis in the R & R does not evince any dogmatic unwillingness to overturn the ALJ's findings.  Rather, the Magistrate Judge correctly stated that these findings are "not subject to reversal" so long as they are supported by substantial evidence, and that this remains true even if "substantial evidence exists in the record to support a different conclusion."  (*Id.* at 15 (internal quotation marks and citation omitted).)  As Defendant observes, this is a correct statement of the applicable law.  *See Jones v. Commissioner of Social Security,* 336 F.3d 469, 477 (6th Cir. 2003) ("[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the

ALJ.").  Because Plaintiff fails to explain how the ALJ's findings fall short of this substantial evidence standard, but merely opines that the record would support a different outcome, the Court overrules her objection.

### C.    Objection No. 3

As her next objection to the R & R, Plaintiff takes issue with the Magistrate Judge's finding of substantial evidentiary support for the ALJ's determination that T.M.K.F. suffers from less than marked limitations in the domain of attending to and completing tasks.  In Plaintiff's view, the ALJ "cherry-picked select portions of the record" in reaching this conclusion, rather than considering all of the evidence as mandated under the pertinent Social Security regulations.  (Plaintiff's Objections at 4-5 (internal quotation marks and citations omitted).)  More specifically, Plaintiff opines that her son's "teachers are in the very best position to comment and remark upon his abilities to complete tasks, focus and pay attention," and she faults the ALJ for discounting the observations of these teachers in assessing T.M.K.F.'s limitations in these areas.  (*Id.* at 5-6.)

As observed by the Magistrate Judge, however, the ALJ expressly considered the questionnaires completed by T.M.K.F.'s teachers in resolving the issue of functional equivalence, determining that these two questionnaires were entitled to "some" and "great" weight and explaining the reasons for these assessments.  (R & R at 35-36 (citing Admin. Record at 21-22).)  "[I]n fact, the teacher questionnaires were cited many times in the [ALJ's] decision."  (R & R at 36.)  Again, Plaintiff does not identify any purported errors in the ALJ's determination of the weight to which these questionnaires

were entitled. Accordingly, Plaintiff's claim of cherry-picked evidence lacks support in the record.

To the extent that Plaintiff contends that the ALJ paid insufficient heed to one teacher's statement that T.M.K.F. had a serious problem working without distracting himself or others and had "trouble working quietly," (Admin. Record at 195), the ALJ expressly acknowledged these findings, but elected to give this teacher questionnaire only "some weight," (*id.* at 22). Although Plaintiff seemingly suggests that these findings necessarily equate to marked limitations in the specified domain, (*see* Plaintiff's Objections at 5), Defendant correctly explains in response (i) that this teacher identified only one serious problem among the several activities in the domain of attending to and completing tasks, (*see id.* at 195), and (ii) that T.M.K.F.'s other teacher — to whose findings the ALJ gave "great weight," (*id.* at 22) — did not identify any serious problems in this domain, (*see id.* at 220). More generally, the Magistrate Judge pointed out that the State agency expert considered the teacher questionnaire at issue and "still concluded that T.M.K.F. has less than marked limitation in this domain." (R & R at 18, 35.) Thus, beyond her disagreement with the ALJ's assessment of this record and her invitation to the Court to re-weigh the evidence, Plaintiff has not identified any basis for overturning the ALJ's decision that T.M.K.F. suffers from less than marked limitations in the domain of attending to and completing tasks.

Plaintiff also appears to challenge the Magistrate Judge's reasoning that any error by the ALJ with respect to this domain would be harmless unless there is a second domain "in which T.M.K.F. has, or could be said to have, marked or extreme limitation." (R & R at 20.) Yet, she fails to identify any flaw in this reasoning, but instead merely

points out that this purported error would "make[] a major difference" if T.M.K.F. were deemed markedly limited in another domain. (Plaintiff's Objections at 6.) This merely restates the point already made by the Magistrate Judge, so the Court overrules this objection as lacking in merit.

### D.   Objection No. 4

Plaintiff's fourth objection, like her second and third ones, takes aim at the ALJ's findings of less than marked limitations — in this case, with respect to the domain of interacting with and relating to others. Here, again, Plaintiff acknowledges, at least implicitly, that both the ALJ and the Magistrate Judge addressed the relevant portions of the record bearing on this domain, (*see* Admin. Record at 20-22, 26; R & R at 21-25), but she opines that this record "overwhelming[ly]" supports the conclusion that her son has marked limitations in this domain, (Plaintiff's Objections at 8).

As observed by Defendant in response, it is difficult to view Plaintiff's objection as anything other than an invitation to the Court to "re-weigh the evidence in her favor." (Defendant's Response at 9.) Binding precedent, however, forbids the Court from doing so. *Mullins v. Secretary of Health & Human Services,* 680 F.2d 472, 472 (6th Cir. 1982). Upon surveying the evidence in the record bearing upon the limitations in T.M.K.F.'s ability to interact with and relate to others, the Magistrate Judge found that some items in this record were indicative of serious problems in this domain, while others disclosed less severe concerns and behaviors that were controlled through medication. (*See* R & R at 21-25.) Against this backdrop, the Magistrate Judge determined that the ALJ's finding of less than marked limitations was supported by substantial evidence. (*See id.* at 25.) Plaintiff's cursory assertion that the record

8

instead features "overwhelming evidence" of marked limitations, (Plaintiff's Objections at 8), without any attempt to explain how the ALJ might have erred in concluding to the contrary, fails to provide a basis for setting aside the ALJ's findings on this issue.

### E.    Objection No. 5

Finally, Plaintiff faults the ALJ for failing to properly "develop the record[]" concerning the diagnosis of T.M.K.F. as suffering from Oppositional Defiant Disorder ("ODD").  (Plaintiff's Objections at 8.)  Yet, as explained in the R & R, although the ALJ did not acknowledge this diagnosis, this error was harmless in light of the ALJ's consideration of "T.M.K.F.'s behavioral issues which make up the characteristics of ODD."  (R & R at 38.)  In support of this finding of harmless error, the Magistrate Judge cited a legal principle that Plaintiff recognizes and does not challenge in her objections — namely, that "[a]n ALJ's error in excluding an impairment as 'severe' at step two is not harmful so long as the ALJ finds another severe impairment, continues with the [remaining steps of the] analysis, and accounts for all impairments, both severe and non-severe, at the subsequent analytical steps."  (*Id.*)

Despite the Magistrate Judge's thorough and apparently unobjectionable handling of this issue, Plaintiff nonetheless insists, without citation to authority, that the ALJ was guilty of a "major oversight" by failing to discuss T.M.K.F.'s ODD diagnosis or "opine on its impact on [his] life and abilities."  (Plaintiff's Objections at 9.)  The ALJ's failure to mention the diagnosis, however, is harmless error, as the Magistrate Judge has explained.  As for the ALJ's purported failure to address the impact of this ODD diagnosis on T.M.K.F.'s life and abilities, the Magistrate Judge found that the ALJ did, in fact, "fully consider[] T.M.K.F.'s behavioral issues which make up the characteristics of

ODD," (R & R at 38), and Plaintiff has not suggested a basis for questioning the Magistrate Judge's determination on this point.  Indeed, the Magistrate Judge noted that the record is devoid of any "medical opinion or record stating that T.M.K.F. suffers from" any particular symptoms or impairments in light of his ODD, but that the ALJ nevertheless "expressly discuss[ed]" the symptoms of ODD as described by Plaintiff herself "and still determined that T.M.K.F. is not disabled."  (R & R at 39 & n.4.)  Thus, the harmless-error rule invoked by the Magistrate Judge is fully applicable here, and Plaintiff's objection on this point lacks merit.

## V.    CONCLUSION

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Plaintiff's objections.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's February 6, 2019 report and recommendation (Dkt. 16) in its entirety, and **OVERRULES** Plaintiff's February 19, 2019 objections to the report and recommendation (Dkt. 17).  Accordingly, Plaintiff's motion for summary

judgment (Dkt. 13) is **DENIED**, Defendant's motion for summary judgment (Dkt. 14) is **GRANTED**, and the challenged decision of the Defendant Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date:   March 25, 2019                    s/Marianne O. Battani
                                          MARIANNE O. BATTANI
                                          United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 25, 2019.

                                          s/ Kay Doaks
                                          Case Manager